UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

VISION-EASE LENS, INC.,
a Minnesota Corporation,

Plaintiff,

vs.

YOUNGER MFG. CO.,
a California Corporation,

Defendant.

YOUNGER MFG. CO.,
a California Corporation,

Counterclaim Plaintiff,

vs.

VISION-EASE LENS, INC.,
a Minnesota Corporation,

Counterclaim Defendant.

Case No.: 02-CV-12 JMR/FLN

**STIPULATION AND PROTECTIVE ORDER**

WHEREAS, to facilitate production and receipt of information during discovery in the above-referenced case, plaintiff Vision-Ease Lens, Inc. ("Vision-Ease") and defendant Younger Manufacturing Co. ("Younger") have agreed and stipulated, through their respective counsel, to the entry of an order for the protection of trade secrets and other confidential research, development, financial, or commercial information that may be produced or otherwise disclosed by them during the course of this action.

FILED
RICHARD D. SLETTEN, CLERK AUG 21
JUDGEMENT ENTERED
DEPUTY CLERK'S INITIALS

NOW, THEREFORE, pursuant to Rule 26(c)(7), Fed. R. Civ. P., Vision-Ease and Younger stipulate, subject to approval by this Court, that:

DEFINITIONS:

1. Producing Party means a party to this action and non-parties on behalf of which information is furnished or produced

2. Receiving Party means a party to this action and non-parties to which information is furnished or produced during the course of this action.

3. CONFIDENTIAL INFORMATION means any information disclosed under any Local Rule for the United States District Court for the District of Minnesota, any information disclosed under Rule 26, Fed. R. Civ. P., testimony adduced at depositions upon oral examination or upon written questions under Rules 30 or 31, Fed. R. Civ. P., responses to interrogatories under Rule 33, Fed. R. Civ. P., responses to requests for admissions under Rule 36, Fed. R. Civ. P., inspections of property or land performed under Rule 34, Fed. R. Civ. P., documents and things responsive to requests for production of documents and things under Rule 34, Fed. R. Civ. P., or documents or testimony provided in response to a subpoena under Rule 45, Fed. R. Civ. P., testimony adduced at trial or materials introduced into evidence at trial, that constitute or contain trade secrets, other confidential research, development, commercial, or proprietary information as those terms are used in Rule 26(c)(7). Any information that is derived from CONFIDENTIAL INFORMATION also constitutes CONFIDENTIAL INFORMATION, if the derived information also incorporates or reproduces any CONFIDENTIAL INFORMATION.

4. OUTSIDE COUNSEL'S EYES ONLY INFORMATION means any very sensitive CONFIDENTIAL INFORMATION the Producing Party reasonably believes that

disclosure is likely to seriously harm its competitive position. Any information that is derived from OUTSIDE COUNSEL'S EYES ONLY INFORMATION also constitutes OUTSIDE COUNSEL'S EYES ONLY INFORMATION, if the derived information also incorporates or reproduces any OUTSIDE COUNSEL'S EYES ONLY INFORMATION.

5. Documents shall have the same meaning as set forth in Rule 34(a) of the Federal Rules of Civil Procedure and shall include, but not be limited to, correspondence, memoranda, bulletins, circulars, advertisements, catalogs, publications, or other printed matter, interoffice and/or intracorporate communications, minutes, telegrams, letters, statements, canceled checks, contracts, invoices, drafts, maps, charts, books of accounts, work sheets, notes of conversations, desk diaries, appointment books, expense accounts, recordings, specifications, photographs, motion pictures, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, any media (whether disk, tape, ROM, CD-ROM, punch card, electromagnetic, optical, or mechanical) from which data can be obtained, sketches, drawings, notes (including laboratory notebooks and records), blueprints, disclosures, models, data, reports, work assignments, instructions and other writings.

**DESIGNATION OF INFORMATION:**

6. If documents containing both CONFIDENTIAL INFORMATION and non-confidential information are made available for inspection, the parties agree that all documents will be treated as OUTSIDE COUNSEL'S EYES ONLY INFORMATION until the Producing Party has had the opportunity to designate and mark documents or information as OUTSIDE COUNSEL'S EYES ONLY INFORMATION or CONFIDENTIAL INFORMATION according to paragraphs 7 and 8. Any documents not designated to be copied by the Receiving Party shall remain OUTSIDE COUNSEL'S EYES ONLY INFORMATION. Only those persons qualified

under this Stipulation and Protective Order to access information designated as OUTSIDE COUNSEL'S EYES ONLY are permitted to inspect such documents and things. Such an initial inspection does not constitute a waiver of confidentiality with respect to any document or thing so inspected.

7. For those documents or things the Producing Party deems to be CONFIDENTIAL INFORMATION and wishes to be made subject to this Stipulation and Protective Order, the Producing Party shall mark the document or thing with the following (or similar) legend before producing it to the Receiving Party:

CONFIDENTIAL
SUBJECT TO PROTECTIVE ORDER

All copies made, or documents deriving from such CONFIDENTIAL INFORMATION shall also be marked CONFIDENTIAL, if the documents deriving from such information also incorporate or reproduce any CONFIDENTIAL INFORMATION.

8. For those documents or things the Producing Party deems to be OUTSIDE COUNSEL'S EYES ONLY INFORMATION and wishes to be made subject to this Stipulation and Protective Order, the Producing Party shall mark the document or thing with the following (or similar) legend before producing it to the Receiving Party:

OUTSIDE COUNSEL'S EYES ONLY

All copies made, or documents deriving from such OUTSIDE COUNSEL'S EYES ONLY INFORMATION shall also be marked OUTSIDE COUNSEL'S EYES ONLY, if the documents deriving from such information also incorporate or reproduce any OUTSIDE COUNSEL'S EYES ONLY INFORMATION.

9. If during the course of discovery in this action, the parties hereto, or their representatives, are authorized to inspect another party's or third party's facilities or processes of

product manufacture, any information learned or documents and things generated as a consequence of any such inspection shall be deemed by the inspecting party, subject to the other Provisions of this Stipulation and Protective Order, to be OUTSIDE COUNSEL'S EYES ONLY INFORMATION, and shall be treated as such. Only those persons qualified under this Stipulation and Protective Order to access information designated as OUTSIDE COUNSEL'S EYES ONLY are permitted to inspect such documents and things.

10. All documents and testimony disclosed at a deposition shall be treated as OUTSIDE COUNSEL'S EYES ONLY INFORMATION until 30 days after the transcript is available for review (under Rule 30(e) of the Federal Rules of Civil Procedure). Parties and deponents may, at any time within that 30-day period, designate by page and line number any portions of the deposition transcript as CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY INFORMATION. The designation shall be in writing and sent to counsel for the other party or to both parties if the designation is made by the deponent or non-party. Pages of each copy of the transcript containing such information shall be so marked. All portions of the transcript not so designated shall be considered non-confidential after the 30-day period expires.

11. When documents, things or information that have been designated as CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY INFORMATION are included with, or contained in any pleading filed with the clerk of the court, these documents, things, information or related materials shall be filed with the clerk of the court in sealed envelopes prominently marked with the caption of this case, the identity of the party filing the envelope, and the following (or similar) notation:

CONFIDENTIAL
OUTSIDE COUNSEL'S EYES ONLY
DATED ____________, 2002
Case No. 02-CV-12 JMR/FLN

This envelope is not to be opened nor the contents thereof displayed, copied or revealed except by Court Order or by agreement of the parties.

**USE OF CONFIDENTIAL INFORMATION:**

12. Any and all CONFIDENTIAL INFORMATION and/or OUTSIDE COUNSEL'S EYES ONLY INFORMATION which has been obtained during the course of this action shall be maintained subject to the following restrictions:

(a) It shall be used only for purposes of this action, and not for any business or other purpose whatsoever; and

(b) The Receiving Party may disclose it only to the specific people allowed to see it pursuant to paragraphs 13(a)-(e) of this Protective Order; and

(c) Notwithstanding paragraphs 13(a)-(e), such material shall not be given, shown, made available to, or communicated in any way to any, attorney, agent or anyone employed in the course of assisting the same, who is directly responsible for: 1) the preparation and/or prosecution in the U.S. Patent Office of any continuation, continuation-in-part, divisional, or otherwise related application to any of the patents-in-suit; 2) the preparation and/or prosecution of any foreign application that is related to any of the patents-in-suit; and/or 3) the preparation and/or prosecution of any patent application relating to polarizing or photochromic lenses. Moreover, any attorney, agent or employee who has access to any CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY INFORMATION shall not prosecute, supervise or assist in

the prosecution of any patent application on behalf of either party, pertaining to the subject matter of the patent-in-suit, during the duration of this civil action and for two years after the conclusion of this action, including appeals.

13. All material produced by any party pursuant to pretrial discovery in this action which is designated by the Producing Party as containing or comprising OUTSIDE COUNSEL'S EYES ONLY INFORMATION shall be maintained in confidence according to the terms of this Protective Order by the Receiving Party and used solely in the preparation, prosecution, or trial of this action. Subject to the provisions of paragraphs 12(c) hereof, the Receiving Party can only disclose OUTSIDE COUNSEL'S EYES ONLY INFORMATION to:

(a) the attorneys from ROBINS, KAPLAN, MILLER & CIRESI LLP, who are actively involved in this litigation as well as their paralegals, law clerks, secretaries and support staff;

(b) the attorneys from GREENE ESPEL, DICKER & DICKER and KIRKLAND & ELLIS, who are actively involved in this litigation as well as their paralegals, law clerks, secretaries and support staff;

(c) in accordance with the provisions of paragraph 14 below, testifying experts and/or litigation consulting firms employed by counsel and retained for this litigation;

(d) authors and recipients (as identified on the document) of such designated material; and

(e) the Court (including court reporters, official translators, persons operating video recording equipment at depositions, and any special master appointed by the Court).

All CONFIDENTIAL INFORMATION produced under this Protective Order may be made available, disclosed to, or inspected by any of those designated under paragraph 13(a)-(e) herein and also three in-house employees of each party. The names of such in-house employees will be disclosed to the other party in writing prior to any such disclosure.

Nothing in this Protective Order precludes the Producing Party from disclosing to anyone information which has been generated by its employees or its former employees in the course of their work and which only the Producing Party has designated as CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY INFORMATION.

14. Before any disclosure of CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY INFORMATION of the Producing Party is made to any testifying expert witness and/or litigation consulting firms retained by counsel for the Receiving Party for assistance in the preparation, prosecution, or trial of this action, each such expert and/or firm shall be furnished with a copy of this Protective Order and shall execute a written statement under oath, in the form attached hereto as "Exhibit A," acknowledging that he or she is familiar with the provisions of this Protective Order and will abide by them, and such statement shall be kept by the employing counsel for reference should such be necessary. For a business, the statement shall be signed by a person authorized to bind the business organization who shall advise any other personnel of such consultant to whom CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY INFORMATION is disclosed of the obligations imposed by this Protective Order.

15. Notwithstanding the provisions of paragraph 14, no disclosure of CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY INFORMATION of the Producing Party shall be made to any outside testifying expert witness of the Receiving

Party before the Receiving Party identifies the individual and provides the Producing Party with a copy of the signed "Exhibit A" signed by the expert. The Producing Party has 10 calendar days to object to any disclosure to the witness. If objection is made, no disclosure shall be made to the witness without order of the Court, but the Producing Party shall have the burden of establishing the basis for the objection.

**INFORMATION DESIGNATED IMPROPERLY:**

16. The restrictions set forth in any of the preceding paragraphs shall not apply to:

(a) any information which at the time of disclosure is available to the public;

(b) any information which after disclosure becomes available to the public through no act, or failure to act, on behalf of the Receiving Party, its counsel, or its independent consultants;

(c) any information which the Receiving Party is able to prove: (i) was already known to the Receiving Party from legitimate sources, (ii) was independently developed by the Receiving Party, (iii) was obtained from the Producing Party without having been identified as CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY INFORMATION (subject to the provisions and circumstances provided for in paragraphs 20-22 hereof), or (iv) was received after the time of disclosure hereunder from a third party having the right to make such disclosure and was not required to be held in confidence; or

(d) any information which the Producing Party would normally reveal to third parties without causing those third parties to maintain the information in confidence.

17. The receipt of any document, thing, pleading, or response to any interrogatory designated as CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY

INFORMATION by a party shall not be construed as an agreement by any party that any such document, thing, pleading, or response to an interrogatory is in fact confidential, and shall not operate as a waiver of any party's right to challenge any such designation as provided herein.

18. The parties shall act in good faith in designating information and materials as CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY INFORMATION. A party may object to the designation of such materials at any time. If a party objects, the party shall give written notice of its objection to the other party. The parties shall then attempt to resolve the dispute by negotiation. If such negotiations fail to resolve the dispute, any party wishing to challenge the designation may file a motion for an appropriate order. The information shall be treated in the manner designated by the Producing Party until resolved by the Court. Any party asserting that the materials are CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY INFORMATION shall have the burden of making such a showing in support of its position. Any party asserting that it was possessed of the materials prior to disclosure by the Producing Party, or that the materials were acquired or developed independently, or that the materials are public knowledge, shall have the burden of making such a showing in support of its position. During the time the Court considers any such request, the materials will continue to be treated as CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY INFORMATION in accordance with this Order.

19. No party shall be obligated to challenge the propriety or correctness of the designation of information as CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY INFORMATION and a failure to do so shall not preclude a subsequent challenge of a designation. The parties' conduct in discovery as to producing and receiving

CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY INFORMATION shall have no effect on the substantive issues in this dispute or the burdens of proof at trial.

**INFORMATION INADVERTENTLY DISCLOSED:**

20. If a Producing Party inadvertently discloses to a Receiving Party any document, thing, or information containing information that the Producing Party deems confidential without designating it as CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY INFORMATION, the Producing Party shall promptly upon discovery of such inadvertent disclosure inform the Receiving Party in writing and the Receiving Party shall thereafter treat the document, thing, or information as CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY INFORMATION under this Protective Order. To the extent such document, thing, or information may have been disclosed to persons other than authorized persons described in this Protective Order, the Receiving Party shall make every reasonable effort to retrieve the document, thing, or information promptly from such persons and to prevent any further disclosure to unauthorized persons.

21. If a Producing Party inadvertently discloses to a Receiving Party information that is privileged or otherwise immune from discovery, said Producing Party shall promptly upon discovery of such disclosure so advise the Receiving Party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity. It is further agreed that the Receiving Party will return such inadvertently produced item or items of information, and all copies thereof, within ten (10) days of the earliest of (a) discovery by the Receiving Party of the inadvertent production, or (b) receiving a written request for the return of such item or items of information. The party having returned such inadvertently produced item or items of information may

thereafter seek production of any such documents, things, or information in accordance with the Federal Rules of Civil Procedure.

22. It is understood that no person or party shall incur liability with respect to any disclosure by the Receiving Party of CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY INFORMATION that was inadvertently disclosed without proper designation by the Producing Party, provided the disclosure by the Receiving Party occurred prior to the receipt by the Receiving Party of a written notice of the inadvertent disclosure without proper designation.

**TERMINATION OF LITIGATION OR SETTLEMENT:**

23. Within sixty (60) days of the termination of this litigation, including any appeals, counsel for any party that submitted to the Court any Confidential Information or Outside Counsel's Eye's Only Information shall retrieve such information from the Court records. ~~The Court will destroy all such Confidential Information or Outside Counsel's Eye's Only Information that remains in the Court files after the 60 day period.~~ JMR 8/20/02

24. Within 90 days of the conclusion or final settlement of this action and any appeal, all persons subject to the terms hereof shall destroy or assemble and return to the party who produced the CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY INFORMATION, all such CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY INFORMATION, including depositions and deposition exhibits designated as CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY INFORMATION, and all copies thereof; and shall destroy any outlines, summaries, abstracts, compilations, memoranda, documents and the like which constitute, embody, contain, or disclose the contents of CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES

ONLY INFORMATION; except that Counsel may retain one archival copy of court filings and attorney work-product containing CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY INFORMATION, which materials will otherwise remain subject to this Stipulation and Protective Order. The parties shall notify and advise the producing party whether they plan to destroy or assemble and return to the producing party the CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY INFORMATION.

**ADDITIONAL PROTECTION OF CONFIDENTIAL INFORMATION AND OUTSIDE COUNSEL'S EYES ONLY INFORMATION:**

25. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material, or relief from this Protective Order with respect to particular material designated hereunder.

**PRODUCTION OF CONFIDENTIAL INFORMATION OR OUTSIDE COUNSEL'S INFORMATION BY NON-PARTIES:**

26. The production of any CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY INFORMATION by non-parties shall be subject to all the terms and conditions of this Stipulation and Protective Order. Pursuant to this Protective Order, a non-party shall be considered to be a Producing Party and shall have the same rights as the parties to designate information as CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY INFORMATION and the same rights to object to disclosures of their CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY INFORMATION to individuals or businesses other than those specified in paragraphs 12 or 13.

**OBLIGATION OF PARTIES:**

27. Each of the parties named above and their counsel of record undertakes to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under their supervision or control.

28. Nothing in this Stipulation and Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY INFORMATION, provided counsel does not disclose CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY INFORMATION in a manner not specifically authorized under this Stipulation and Protective Order.

//

//

//

//

//

//

//

//

//

//

//

//

//

Dated: August 13, 2002.

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**

By ______________________
Jake M. Holdreith (#211011)
Christopher J. Sorenson (#270118)
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402-2015
(612) 349-8500

***Attorneys for Plaintiff Vision-Ease, Inc.***

Dated: August 12, 2002.

**GREENE ESPEL, P.L.L.P.**

By ______________________
Jeanette M. Bazis (#255646)
200 South Sixth Street, Suite 1200
Minneapolis, MN 55402
(612) 373-0830

And

Dated: August 12, 2002.

**KIRKLAND & ELLIS**

By ______________________
Robert G. Krupka
Shannon M. Hansen
Nick G. Saros
777 South Figueroa Street
Los Angeles, CA 90017
(213) 680-8400

***Attorneys for Defendant Younger Mfg. Co.***

**EXHIBIT A**

**ACKNOWLEDGMENT AND CONSENT TO PROTECTIVE ORDER**

I, ______________________________________________, state:

I reside at ______________________________________________;

I have read the Protective Order dated __________, 2002 and have been engaged as a ______________ on behalf of ____________________________in preparation and conduct of the litigation between *Vision-Ease Lens, Inc. and Younger Manufacturing Co.*, File No. 02-CV-12 JMR/FLN, in the United States District Court for the District of Minnesota.

The following is a description of any past or present employment or consulting arrangement that I or my spouse have had with any of the parties in this case:

Names of Companies: ______________________________________________

Type of Relationship (e.g., employee):______________________________________________

Time Periods: ______________________________________________

Subject Matter:______________________________________________

I am fully familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all copies of any documents or things designated as CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY INFORMATION in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any information designated as CONFIDENTIAL INFORMATION or OUTSIDE COUNSEL'S EYES ONLY INFORMATION are to be returned to counsel who provided me with such material.

I will not divulge to persons other than those specifically authorized by said Protective Order, and will not copy or use except solely for the purpose of these actions, any information obtained pursuant to said Protective Order, except as provided in said Protective Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the term of said Protective Order.

I consent to the jurisdiction of the United States District Court for the District of Minnesota for purposes of enforcing my obligations hereunder, and submit to that Court's authority for any violations hereunder.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: , 2002. ______________________________________________
(Signature)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

VISION-EASE LENS, INC.,
a Minnesota Corporation,

Plaintiff,

vs.

YOUNGER MFG. CO.,
a California Corporation,

Defendant.

YOUNGER MFG. CO.,
a California Corporation,

Counterclaim Plaintiff,

vs.

VISION-EASE LENS, INC.,
a Minnesota Corporation,

Counterclaim Defendant.

Case No.: 02-CV-12 JMR/FLN

**PROTECTIVE ORDER**

The Court, having received and reviewed the foregoing Stipulation and Protective Order, hereby Orders that the parties be bound by all provisions and terms stated therein.

Dated August 20th, 2002

James M. Rosenbaum
U.S. District Court Judge

Word 20011663.1